IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALO RAWN HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-999-R |
| ) | |
| GRADY COUNTY LAW ) | |
| ENFORCEMENT CENTER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Kalo Rawn Hill, proceeding pro se,[1] brings this action under 28 U.S.C. § 2241, seeking habeas corpus relief.[2] *See* Doc. 1.[3] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. For the reasons stated below, the undersigned recommends the Court dismiss the Petition.

---

[1]  The Court construes a pro se litigant's pleadings liberally but will not act as his advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]  Petitioner has neither paid the $5.00 filing fee nor moved to proceed in forma pauperis.

[3]  Citations to court a document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

**I.     Screening.**

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012); *see* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

**II.    Background.**

Petitioner states he is incarcerated on a "tribal hold" in the Grady County Law Enforcement Center in Chickasha, Oklahoma. Doc. 1, at 1. He was convicted by the Northern Cheyenne Tribal Court in Lame Deer, Montana for "criminal mischief." *Id*. at 1-2, 8. That court sentenced him to one year in jail and a $1,000 fine. *Id*. at 8.

On September 26, 2024, Petitioner sought habeas corpus relief in this Court. *Id*. at 1. In his first ground for relief, Petitioner asserts that the medical staff at Grady County are not meeting his "medical needs" because he has been "off [his] medication for over 4 months." *Id*. at 7. He states he suffers from

2

"severe depression and high anxiety" but has not seen "mental health" or a "doctor." *Id*. In his second ground for relief, Petitioner states "they" took his "daily multivitamins," his "ensure protein," and his allergy pills from him which have caused him a stuffy nose and blurry vision. *Id*. In Ground Three, Petitioner states he "also [has] food allergies and [he] could die if [he has] an allergic reaction to certain foods," but "the nurses haven't been giving [him] [his] allerg[y] medication." *Id*. Finally, in Ground Four, Petitioner states he was "wrongfully and illegily strip[] searched in the rec room in front of the cameras" on August 28, 2024. *Id*. at 8. According to Petitioner, "this was the second time they searched [him] and found nothing." *Id*.

Petitioner states he has "no business being in this jail" and wants to "pursue a federal lawsuit against Grady County and its medical staff" and various parties related to his tribal conviction. *Id*.[4]

The undersigned recommends the Court dismiss the habeas corpus petition.

---

[4] Petitioner has a civil rights complaint against these parties pending in this Court. *See Hill v. Grady County Law Enforcement Center et al.*, No. CIV-24-998-R (W.D. Okla. Sept. 26, 2024).

3

## III. The Court cannot grant Petitioner relief under § 2241.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Such attacks generally involve a "deprivation of good time credits and other disciplinary matters." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). While "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, . . . this does not make § 2241 actions like condition of confinement lawsuits which are brought under civil rights laws." *Id.* at 811-12; *see also Palma Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

Petitioner does not challenge a prison disciplinary matter or his sentence calculation. He instead complains about prison conditions concerning his health care and an illegal strip search. *See* Doc. 1, at 7-9. And he seeks no relief the Court can grant in a § 2241 action. *See, e.g., Folsom v. Okla. Dep't of Corrs.*, 2018 WL 6683935, at *1, No. CIV-18-905-G (W.D. Okla. Oct. 17, 2018) ("Much

4

of this relief cannot be granted at all, but particularly not in a § 2241 action." (footnote omitted)), *adopted by* 2018 WL 6683299 (W.D. Okla. Dec. 19, 2018). Because Petitioner asserts no claims the Court can address under § 2241, the undersigned recommends the Court dismiss the petition. *See Buhl v. Berkebile*, 597 F. App'x 958, 959 (10th Cir. 2014) (holding the district court did not err in ruling that the petitioner's claims, which "challenge[d] only the conditions of his confinement," "could not proceed in habeas").

## IV.    The Court should not convert the Petition to a civil rights action.

Petitioner has a pending civil rights action in this Court raising the same conditions of confinement claims against the same parties he references in this petition. *See Hill*, No. CIV-24-998-R (Doc. 1, complaint). So the Court should not convert this Petition into a complaint under 42 U.S.C. § 1983.

## V.    Recommendation and notice of right to object.

Petitioner filed a § 2241 petition but he asserts no claims the Court can address under that section. The undersigned therefore recommends that the Court dismiss the Petition in its entirety.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 22, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil

Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 1st day of October, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE